1  David G. Hoiles, Jr. (SBN 185298)
2  Lauren Presser (SBN 292497)
   JACKSON LEWIS P.C.
3  225 Broadway, Suite 1800
   San Diego, California  92101
4  Telephone:   (619) 573-4900
   Facsimile:    (619) 573-4901
5  david.hoiles@jacksonlewis.com
6  lauren.presser@jacksonlewis.com

7  Attorneys for Defendant
8  HUGHES NETWORK SYSTEMS, LLC

9

10            UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  GREGORY ANDERSON, an individual, | Case No.:  37-2022-00043166-CU-PE-CTL |
| 14              Plaintiff, | **DECLARATION OF DAVID G. HOILES, JR. IN SUPPORT OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446** |
| 15       vs. | |
| 16  HUGHES NETWORK SYSTEMS, LLC, | |
| 17              Defendants. | |
| 18 | **(Diversity Jurisdiction)** |
| 19 | |
| 20 | *[Filed concurrently with Notice of Removal; Declaration of Dean A. Manson; Civil Cover Sheet; Corporate Disclosure Statement; and Notice of Filing of Answer in State Court]* |
| 21 | |
| 22 | |
| 23 | |
| 24 | Complaint filed:        October 26, 2022 |
| 25 | Case Removed:        December 29, 2022 |

26
27
28

1

CASE NO. 37-2022-00043166-CU-PE-CTL
DECLARATION OF DAVID G. HOILES, JR. IN SUPPORT OF
REMOVAL OF ACTION TO THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

I, David G. Hoiles, Jr., declare as follows:

1.    I am an attorney at law duly licensed to practice before all state courts in California. I am a Principal with the law firm of Jackson Lewis P.C., attorneys of record for Defendant Hughes Network Systems, LLC ("Defendant") in this action. I will be handling this matter and am familiar with the contents of the file and the proceedings herein. I have personal knowledge of the facts contained in this declaration, and, if called upon as a witness, I would and could competently testify thereto.

2.    A true and correct copy of the Complaint filed by Plaintiff Gregory Anderson ("Plaintiff") in the current action pending in the Superior Court for the County of San Diego, entitled *Gregory Anderson vs. Hughes Network Systems, LLC*, Case No. 37-2022-00043166-CU-OE-CTL (the "State Court Action") is attached as **Exhibit "A"** and incorporated by this reference.

3.    I am informed and believe that Defendant was first served with a copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference (Civil) in the State Court Action by delivery upon its authorized agent for service of process in California on November 30, 2022. A true and correct copy of the Summons and all related case documents served on Defendant other than the Complaint are collectively attached as **Exhibit "B"** and incorporated by this reference.

4.    I am further informed and believe that Defendant is the only named defendant in the State Court Action.

5.    On December 28, 2022, Defendant filed and served its Answer in the State Court Action. A true and correct copy of the Answer filed in the State Court Action is attached as **Exhibit "C"** and incorporated by this reference.

6.    I am further informed and believe that the documents comprising Exhibits A through C filed concurrently herewith constitute all the pleadings that have been filed in the State Court Action as of the filing of Defendant's Notice of Removal.

CASE NO. 37-2022-00043166-CU-PE-CTL
DECLARATION OF DAVID G. HOILES, JR. IN SUPPORT OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7.    A true and correct copy of Defendant's Notice of Filing Removal, without exhibits, is attached as **Exhibit "D"** and incorporated by this reference. As required by Section 1446(d), a copy of Defendant's Notice of Filing Removal is being filed with the Superior Court in the State Court Action. As also required by Section 1446(d), Defendant is also serving Plaintiff, the only adverse party, and the Superior Court with its Notice of Filing Removal and will affirm such in a Declaration of Service.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 29th day of December 2022 at San Diego, California.


 */s/ David G. Hoiles, Jr.*
David G. Hoiles, Jr.

4863-5500-0901, v. 2

CASE NO. 37-2022-00043166-CU-PE-CTL
DECLARATION OF DAVID G. HOILES, JR. IN SUPPORT OF
REMOVAL OF ACTION TO THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

**MILLER WILMERS, APC**
Justin R. Wilmers (SBN 323089)
justin.wilmers@mwjustice.com
Caleb A. Miller (SBN 327094)
caleb.miller@mwjustice.com
24801 Pico Canyon Rd., Suite 300
Stevenson Ranch, CA 91381
Telephone: (661) 310-1363
Facsimile:  (661) 310-1480

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/26/2022** at 05:05:11 PM
Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

Attorneys for Plaintiff, Gregory Anderson

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| GREGORY ANDERSON an individual<br><br>Plaintiff,<br><br>vs.<br><br>HUGHES NETWORK SYSTEMS, LLC, a Delaware Limited Liability Company; and DOES 1-10.<br><br>Defendants. | Case No.:   37-2022-00043166-CU-OE-CTL<br><br>**COMPLAINT**<br><br>1. **DISCRIMINATION BASED ON AGE IN VIOLATION OF FEHA**<br><br>2. **FAILURE TO PREVENT DISCRIMINATION**<br><br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>4. **UNPAID WAGES**<br><br>5. **WRONGFUL TERMINATION**<br><br>**Demand for Jury Trial** |

COMES NOW, Plaintiff, GREGORY ANDERSON, who states and alleges his complaint against Defendant, HUGHES NETWORK SYSTEMS, LLC. A Delaware Limited Liability Company ("Defendant"); for causes of action against Defendant as follows:

MILLER WILMERS, APC
24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

1
**COMPLAINT**

MILLER WILMERS, APC

24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax (661) 310-1480

1.      This is a complaint for violations of the Fair Employment and Housing Act and Wrongful Termination.

2.      Plaintiff Gregory Anderson has timely filed a complaint against Defendant with the State of California, Department of Fair Employment and Housing ("DFEH") alleging unlawful Discrimination and has requested and received a right to sue letter.

## JURISDICTION

3.      This Court has jurisdiction herein pursuant to California Government Code section 12920 et seq. and California Code of Civil Procedure section 395(a). Plaintiff was employed by Defendant within the State of California, County of Orange, and Defendant maintains offices in San Diego County.

## PARTIES

4.      Plaintiff, Gregory Anderson ("Plaintiff"), is an individual over 18 years of age. At all times relevant herein, Plaintiff resided in the County of Orange, State of California.

5.      Defendant Hughes Network Systems, LLC, has been authorized to do business in, and actually perform business in, the State of California and County of San Diego, in all of the time periods alleged herein, and in those time periods, has been a direct and/or indirect employer of the Plaintiff named herein, as defined by California Government Code section 12926(d), and has aided and abetted all unlawful acts alleged herein, pursuant to California Government Code section 12940(i).

## DOE DEFENDANTS

6.      DOES 1 to 10, inclusive, are sued herein under such fictitious names, their true names and capacities being presently unknown to Plaintiff. Plaintiff will amend this Complaint by asserting the true names and capacities of the unknown defendants in the place and stead of said fictious names when the true names have been ascertained.

7.      Plaintiff is informed and believes and thereon alleges that each defendant designated herein as DOES 1 to 10, inclusive, is responsible in some way and manner for the acts or occurrences herein alleged, and that each Doe defendant is liable to Plaintiff for damages suffered by Plaintiff as alleged herein.

8.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein mentioned, each of the Defendants was the agent, employee, designee, servant, authorized representative, partner, and/or joint venturer of each of the remaining defendants herein, and was at all relevant times operating and acting within the purpose and scope of said agency, service, employment, partnership, other such relationship, activity, and/or joint venture, and rendered substantial assistance, encouragement, and/or acted in concert with the remaining defendants, with the knowledge, approval, direction and ratification of, participation with, acquiescence to, and/or authority of each of the other defendants, knowing that such conduct constituted a breach of duty as to the acts, omissions, and injuries herein alleged.

## GENERAL ALLEGATIONS

9.     Plaintiff began his employment with Defendant on March 3, 1996, and was released on October 6, 2022, but his effective termination is November 4, 2022. Throughout his employment, Plaintiff worked as a Salesperson, and was promoted up to the Senior Director of Sales for the Company. Plaintiff earned a base salary of $10,000.00 per month, with significant sales commissions available and earned each year.

10.     Plaintiff successfully served with the Company for 27 years without ever having been written up, put on a performance plan, or receiving a single negative review. Plaintiff had a history of diligently and competently carrying out his material job duties with the Company.

11.     In October of 2022, the Company decided to lay off 72 of its over 3000 employees, for asserted legitimate business purposes. Defendant utilized a Microsoft teams call with Human Resources to layoff these employees.

12.     During the call, Human Resources had showed the Plaintiff several documents to ensure the Plaintiff was aware of the need for layoffs. One such document that HR showed to Plaintiff, was actually saved as a file named the "Older Employee Disclosure." This appears to have been the Company's attempt at compliance with the Older Workers Benefits Protection Act.

13.     The document had been provided to the Plaintiff by email through the Company intranet. As soon as the termination call with HR ended, Plaintiff had lost access to all of the digital files within the intranet.

MILLER WILMERS, APC

24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

3
**COMPLAINT**

14. Despite having his access closed, the files were saved to Plaintiff's phone, but his access was hampered by the Company system. Plaintiff was eventually able to access the document, where he learned the document was saved into the Company file system as the "Older Employee Disclosure" and listed the age and job position of all employees who were terminated.

15. Plaintiff immediately noticed that over 80% of the employees laid off were over the age of 40, and over 70% were over the age of 50. Further, the eldest employee, at 84, was among those laid off.

16. Although the layoffs were spread across multiple job positions, in many positions, the only employee laid off was in fact the oldest employee in the Company who held that position.

17. The Company had stated within the written disclosure that "the eligibility factors for this group termination include one or more of the following factors: individual performance, possession of critical know-how, and/or business-needs for positions." The Disclosure lists a chart with columns for job title, age, and whether the employee was terminated or not; creating no transparency as to how each employee was ranked based on performance and critical know-how but a very clear and obvious transparency on whether age was a motivational factor.

18. Plaintiff is currently 64 years old and has worked with the Company for 27 years. Plaintiff has been unable to find alternative employment since his termination by the Company and anticipates difficulty finding gainful employment already being 64 years old and having worked with the same Company for 27 years.

19. On October 18, 2022, Plaintiff was provided a final check for commissions earned in the month of September, 2022. Plaintiff has not been provided a statement calculating his earned commissions and Plaintiff is informed and believes that the Company failed to pay all wages due and owed.

///

///

///

///

///

MILLER WILMERS, APC
24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

4
**COMPLAINT**

**FIRST CAUSE OF ACTION**

Discrimination based on Age in Violation of the Fair Employment and Housing Act California

Government Code sections 12920 et seq.

(By Plaintiff Against Defendants)

20.    Plaintiff realleges and incorporates by this reference each of the preceding paragraphs of this Complaint with the same force and effect as if set forth in full.

21.    Defendants' actions constituted a blatant act of age discrimination. Defendants violated the FEHA by discrimination specifically targeted at Plaintiff's age and the age of similarly situated employees within the Company despite Plaintiff's objections to the discrimination and Defendant's clear understanding of its actions as evidenced by the "Older Employee Disclosure" form it produced when selecting employees to lay off.

22.    Plaintiff alleges that younger employees, as evidenced by the Older Employee Disclosure, did not face the same level of discrimination and in many instances, the only employee for a given job position who was terminated was in fact the oldest employee in the group.

23.    As a Direct and Proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has been substantially suffered and will continue to suffer. Plaintiff experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that he will suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

24.    Defendants' conduct as described herein was malicious and oppressive and done with a conscience disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and had that effect. Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-10 under California Civil Code section 3294.

///

///

///

///

///

MILLER WILMERS, APC
24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

5
**COMPLAINT**

MILLER WILMERS, APC

24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

**SECOND CAUSE OF ACTION**

Failure to Prevent Discrimination Violation of the Fair Employment and Housing Act California

Government Code sections 12920 et seq.

(By Plaintiff Against All Defendants)

25.    Plaintiff realleges and incorporates by this reference each of the preceding paragraphs of this Complaint with the same force and effect as if set forth in full.

26.    Defendants were either on notice of their discriminatory conduct or reasonably should have been, considering a document was created specifically to disclose the age of all employees as it relates to laying those employees off.

27.    As a Direct and Proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has been substantially suffered and will continue to suffer. Plaintiff experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that he will suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

28.    Defendants' conduct as described herein was malicious and oppressive and done with a conscience disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and had that effect. Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-10 under California Civil Code section 3294.

**THIRD CAUSE OF ACTION**

Intentional Infliction of Emotional Distress

(By Plaintiff against all Defendants)

29.    Plaintiff realleges and incorporates by this reference each of the preceding paragraphs of this Complaint with the same force and effect as if set forth in full.

30.    Defendant provided to Plaintiff evidence of their age discrimination through the "Older Worker Disclosure" form that was presented during the termination meeting with HR, and subsequently provided upon request. Defendant's act of age discrimination was blatant and purposeful, and knowingly causes severe emotional harm to their aging employees.

MILLER WILMERS, APC

24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

31.     As a Direct and Proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has been substantially suffered and will continue to suffer. Plaintiff experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that he will suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

32.     Defendants' conduct as described herein was malicious and oppressive and done with a conscience disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and had that effect. Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-10 under California Civil Code section 3294

### FOURTH CAUSE OF ACITON

<u>Unpaid Wages in Violation of the California Labor Code</u>

(Plaintiff Against All Defendants)

33.     Plaintiff realleges and incorporates by this reference each of the preceding paragraphs of this Complaint with the same force and effect as if set forth in full.

### FIFTH CAUSE OF ACITON

<u>Wrongful Termination in Violation of Public Policy</u>

(Plaintiff Against All Defendants)

34.     Plaintiff realleges and incorporates by this reference each of the preceding paragraphs of this Complaint with the same force and effect as if set forth in full.

35.     Defendant specifically targeted older employees to be laid off. In many instances, as with the Plaintiff's; Defendant specifically terminated the oldest employees holding a job position, regardless of the age range of employees in that position.

36.     As a Direct and Proximate result of Defendants' conduct as set forth above, Plaintiff's emotional wellbeing has been substantially suffered and will continue to suffer. Plaintiff experienced and continues to experience severe emotional distress, in an amount to be proven at trial. Plaintiff alleges that he will suffer substantial losses in earnings, other employment opportunities, employment benefits and other damages, the precise amounts to be proven at trial.

7

**COMPLAINT**

37.     Defendants' conduct as described herein was malicious and oppressive and done with a conscience disregard of Plaintiff's rights. Defendants' acts were designed to humiliate and oppress Plaintiff, and had that effect. Thus, Plaintiff is entitled to punitive damages against all Defendants and DOES 1-10 under California Civil Code section 3294.

### PRAYER

Wherefore, Plaintiff prays that judgment be entered in his favor and against Defendants, and each of them, jointly and severally, as follows:

1.   That Defendants be ordered to pay Plaintiff compensatory and general damages according to proof at trial to include, but not limited to Back Pay and Back wages; benefits, lost wages, bonuses, pain and suffering and emotional distress damages;

2.   That Defendants be ordered to Pay Plaintiffs prejudgment interest;

3.   That Defendants be ordered to Plaintiff's costs of suit;

4.   That this Court awards Plaintiff his reasonable attorneys' fees pursuant to, without limitation, the Fair Employment and Housing Act;

5.   That this Court order Defendants to pay penalties, interest and any other remedies to Plaintiff;

6.   That Defendants be ordered to pay punitive damages to Plaintiff;

7.   That this Court award such further relief as the Court deems just and proper.

DATED: October 25, 2022              MILLER WILMERS, APC

By: _____
Justin R. Wilmers, Esq.
Caleb A. Miller, Esq.
Attorneys for Plaintiff

MILLER WILMERS, APC
24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

8
**COMPLAINT**

MILLER WILMERS, APC
24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Tel: (661) 310-1363
Fax: (661) 310-1480

## DEMAND FOR JURY TRIAL

Plaintiff, Gregory Anderson hereby demands trial by jury.

DATED: October 25, 2022

MILLER WILMERS, APC

By: _____

Justin R. Wilmers, Esq.
Caleb A. Miller, Esq.
Attorneys for Plaintiff

9
**COMPLAINT**

# EXHIBIT B



# CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 25972992
Date Processed: 11/30/2022

| | |
|---|---|
| Primary Contact: | Rita Murray<br>EchoStar Corporation<br>11717 Exploration Ln<br>Germantown, MD 20876-2711 |
| Electronic copy provided to: | Rita Bartolo<br>Gloria Allen<br>Charmaine Castro<br>Paul Lall<br>Stephanie Marks<br>Cory Myers |

| | |
|---|---|
| Entity: | Hughes Network Systems, LLC<br>Entity ID Number  3099344 |
| Entity Served: | Hughes Network Systems, LLC |
| Title of Action: | Gregory Anderson vs. Hughes Network Systems, LLC |
| Matter Name/ID: | Gregory Anderson vs. Hughes Network Systems, LLC (13275180) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | San Diego County Superior Court, CA |
| Case/Reference No: | 37-2022-00043166-CU-OE-CTL |
| Jurisdiction Served: | California |
| Date Served on CSC: | 11/30/2022 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Miller Wilmers, APC<br>661-310-1363 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/26/2022 at 05:05:11 PM**
Clerk of the Superior Court
By Jacqueline J. Walters,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Hughes Network Systems, LLC, a Delaware Limited Liability Company, and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Gregory Anderson, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court | CASE NUMBER:<br>*(Número del Caso):* 37-2022-00043166-CU-OE-CTL |

Hall of Justice, 330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Caleb A. Miller, Esq., MILLER WILMERS, APC, 24801 Pico Canyon Rd., Suite 300, Stevenson Ranch, CA 91381; (661) 310-1363

| | | | |
|---|---|---|---|
| DATE: 10/27/2022<br>*(Fecha)* | Clerk, by *J. Walters*<br>*(Secretario)* | *J. Walters* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(spec.*
3. ☒ on behalf of *(specify):* HUGHES NETWORK SYSTEMS, LLC, A DELAWARE LIMITED LIABILITY COMPANY

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Caleb A. Miller (SBN 323089)<br>24801 Pico Canyon Rd., Suite 300, Stevenson Ranch, CA 91381<br><br>TELEPHONE NO.: (661) 310-1363    FAX NO. *(Optional)*: (661) 310-1480<br>E-MAIL ADDRESS: caleb.miller@mwjustice.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Gregory Anderson | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/26/2022** at 06:05:11 PM<br>Clerk of the Superior Court<br>By Jacqueline J. Walters, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: -same-
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Gregory Anderson v. Hughes Network Systems, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2022-00043166-CU-OE-CTL |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Katherine Bacal<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 5 - Discrimination; Failure to Prevent Discrimination, etc.
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may us* ~~signature~~

Date: October 26, 2022
Caleb A. Miller
_____
(TYPE OR PRINT NAME)                    ►            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7069 |

| PLAINTIFF(S) / PETITIONER(S): | Gregory Anderson |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | HUGHES NETWORK SYSTEMS LLC |

ANDERSON VS MILLER [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00043166-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Katherine Bacal                                    Department: C-69

**COMPLAINT/PETITION FILED:** 10/26/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/07/2023 | 09:30 am | C-69 | Katherine Bacal |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR, is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

| SDSC CIV-721 (Rev. 04-21) | NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | Page: 1 |
|---|---|---|

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT C

1   David G. Hoiles, Jr. (SBN 185298)
2   Lauren Presser (SBN 292497)
    JACKSON LEWIS P.C.
3   225 Broadway, Suite 1800
    San Diego, California  92101
4   Telephone:    (619) 573-4900
    Facsimile:    (619) 573-4901
5   david.hoiles@jacksonlewis.com
6   lauren.presser@jacksonlewis.com

7   Attorneys for Defendant
8   HUGHES NETWORK SYSTEMS, LLC

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN DIEGO

| | |
|---|---|
| 11   GREGORY ANDERSON, an individual, | Case No.:   37-2022-00043166-CU-PE-CTL |
| 12           Plaintiff, | [Assigned for all purposes to Hon. Katherine Bacal, Dept. C-69] |
| 13      vs. | |
| 14 | **ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK** |
| 15   HUGHES NETWORK SYSTEMS, LLC, a Delaware Limited Liability Company; and DOES 1-10, | **SYSTEMS, LLC TO PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT** |
| 16 | |
| 17          Defendants. | **IMAGED FILE** |
| 18 | |
| 19 | Complaint filed:    October 26, 2022<br>Trial Date:        Not Assigned |

20

21      **TO THE HONORABLE COURT, PLAINTIFF GREGORY ANDERSON, AND TO HIS**

22   **ATTORNEY OF RECORD:**

23        COMES NOW Defendant HUGHES NETWORK SYSTEMS, LLC ("Defendant"), on behalf of

24   itself and no other defendant, and hereby responds to the unverified Complaint ("Complaint") filed by

25   Plaintiff GREGORY ANDERSON ("Plaintiff") and pleads as follows:

26   ///

27   ///

28   ///

1

ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK SYSTEMS, LLC TO
PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT

## GENERAL DENIAL

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct Affirmative Defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Cause of Action)

1.     The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

2.     To the extent discovery may disclose a factual basis for this defense, Plaintiff's allegations of discrimination and disparate treatment are barred or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. (*State Dept. of Health Servs. v. Superior Court of Sacramento County* (2000) 31 Cal.4th 1026.)

## THIRD AFFIRMATIVE DEFENSE

### (Managerial Immunity)

3.     Any recovery for injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

## FOURTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

4.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment

ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK SYSTEMS, LLC TO
PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT

decisions toward Plaintiff in any case for legitimate, non-discriminatory, or non-retaliatory business reasons.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

5.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

6.     Any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, because injuries that Plaintiff alleges in his Complaint, and in each and every purported claim for relief alleged therein, if they exist at all, resulted from a cause not proximately caused by or related to any act or omission by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

7.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory or comparative fault.

## EIGHTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Pre-Emption)

8.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, the Court lacks jurisdiction, and any recovery is barred by the exclusive remedy under the California Workers' Compensation Act, Labor Code section 3200 *et seq.*

## NINTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

9.     To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 338, 340(a), and 340(c) and California Government Code section 12965.

///

ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK SYSTEMS, LLC TO
PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT

### TENTH AFFIRMATIVE DEFENSE

### (Administrative Exhaustion)

10.    To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies under California Government Code sections 12960 and 12965.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

11.    To the extent discovery may disclose a factual basis for this defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.    To the extent discovery may disclose a factual basis for this defense, Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees and Costs)

13.    Defendant has engaged attorneys to represent them in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendant is therefore entitled to an award of reasonable attorney's fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Punitive Damages)

14.    Plaintiff is precluded from recovering exemplary or punitive damages from Defendant under the applicable provisions of law. Specifically, California Civil Code section 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression, fraud, or despicable conduct.

///

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Officers, Directors, or Managing Agents)

15.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that none of Defendant's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed said acts, nor did Defendant employ said employees with a conscious disregard of the rights or safety of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

16.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

17.    To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Discretion & Good Faith)

18.    Any and all conduct of which Plaintiff complains and that is attributed to Defendant was a just and proper exercise of Defendant's discretion and was undertaken for a fair and honest reason regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's Complaint.

///

///

///

ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK SYSTEMS, LLC TO
PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive Defense)

19.     Recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a substantial motivating factor in any employment decisions toward Plaintiff, legitimate, non-discriminatory business reasons were also substantial motivating factors for taking any such adverse employment action against Plaintiff, and Defendant would have made the same employment decisions toward Plaintiff without any regard for any prohibited or unlawful factor. Therefore, Plaintiff is not entitled to reinstatement, back pay, or damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Other Factors Caused Emotional Distress)

20.     To the extent Plaintiff has suffered any emotional distress, which Defendant denies, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on Defendant's behalf.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

21.     As a separate and affirmative defense, Defendant alleges that Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by his Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

///
///
///
///
///
///

ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK SYSTEMS, LLC TO PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT

3.     That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.     For cost of suits incurred herein including reasonable attorneys' fees; and

5.     For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DATED:  December 28, 2022                    JACKSON LEWIS P.C.


By: _____

David G. Hoiles, Jr.
Lauren Presser

Attorneys for Defendant
HUGHES NETWORK SYSTEMS, LLC

ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK SYSTEMS, LLC TO
PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT

# PROOF OF SERVICE

I, the undersigned, am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause of action. My business address is 225 Broadway, Suite 2000, San Diego, California 92101. On December 28, 2022, I served the following documents:

**ANSWER FILED ON BEHALF OF DEFENDANT HUGHES NETWORK SYSTEMS, LLC TO PLAINTIFF GREGORY ANDERSON'S UNVERIFIED COMPLAINT**

***Counsel for Plaintiff***
Justin R. Wilmers
Caleb A. Miller
Miller Wilmers, APC
24801 Pico Canyon Road, Suite 300
Stevenson Ranch, CA 91381
Email:    justin.wilmers@mwjustice.com
          Caleb.miller@mwjustice.com

☒ **BY U.S. MAIL.** I placed or caused to be placed, the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 28, 2022

_____
Kristine Hammett
Kristine.hammett@jacksonlewis.com

4864-5716-6662, v. 1